21-555-cv
*Bunce v. Farm Service Agency, U.S.D.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-two.

PRESENT:
> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

Timothy J. Bunce,

> *Plaintiff-Appellant*,

> v.                                                                          21-555

Farm Service Agency, U.S.D.A.,

> *Defendant-Appellee*.

---

FOR PLAINTIFF-APPELLANT:                          Timothy J. Bunce, pro se,
                                                                          Oswego, NY.

FOR DEFENDANT-APPELLEE:
Karen Folster Lesperance, Emer M. Stack, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Dancks, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Timothy J. Bunce sued the United States Department of Agriculture Farm Service Agency ("FSA") under the Administrative Procedure Act ("APA"), seeking judicial review of the final agency decision upholding the FSA's denials of his loan servicing application and application for a new loan. He argued that the FSA erred in substituting its calculations of his business expenses – in lieu of his submitted estimate – when determining whether to grant the requested loans. He also asserted that his loan officer was biased and failed to meet with him to discuss the differences between his estimated expenses and the FSA's calculations. After the parties consented to proceed before a magistrate judge, the magistrate judge

2

granted the FSA's motion for summary judgment, holding that the final agency action was not arbitrary or capricious and was based on rational evaluations of the evidence. Bunce appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment on an APA claim de novo, "without according deference to the decision of the district court." *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007) (internal citation omitted). The APA, however, limits our review to whether agency decisions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This is a "deferential standard of review," and we will uphold an agency decision if the record shows "that the agency examined the relevant data and articulated a satisfactory explanation for its action." *Guertin v. United States*, 743 F.3d 382, 385–86 (2d Cir. 2014) (internal quotation marks omitted).

The agency's final decision upholding the FSA's denials of Bunce's application for loan servicing and his application for a new loan[1] was not arbitrary, capricious, or an abuse of discretion. The record demonstrates that the FSA examined Bunce's financial data and operational capacity before determining – based on FSA cash flow projections – that it was unlikely he would be able to repay additional loans. The FSA's calculations showed that Bunce's projected cash inflows were less than projected cash outflows, resulting in a total negative balance of $42,800. Given that the FSA requires a "sufficient cash inflow to pay all cash outflow" before it will approve a loan, it was not arbitrary or capricious for the FSA to deny his loan and loan servicing requests. *See* 7 C.F.R. §§ 761.2(b), 764.401(a)(1).

Bunce argues that *his* calculations would have shown a positive cash flow and that the loan denials were arbitrary, capricious, and unlawful since the agency's representatives failed to meet with him before substituting its own estimates. While it is true that 7 C.F.R. § 761.104(g) directs the FSA to first discuss

---

[1] Bunce, pro se, appealed both FSA decisions to the United States Department of Agriculture, Office of the Secretary, National Appeals Division ("NAD"). After a hearing, the NAD administrative judge ("AJ") upheld both decisions. Bunce requested Director Review, and the NAD Acting Deputy Director reviewed and upheld the AJ's appeal determination. The Acting Deputy Director also rejected Bunce's request for reconsideration, which constituted the NAD's final decision in this matter.

4

with prospective borrowers any concerns it has about the accuracy of the borrower's farm business plans, and the record does not show that FSA representatives met with Bunce before using their own revised figures in projecting Bunce's cash flow, this procedural error was ultimately not prejudicial. *See Green Island Power Auth. v. Fed. Energy Regul. Comm'n*, 577 F.3d 148, 165 (2d Cir. 2009) (explaining that we follow the "rule of prejudicial error" when reviewing agency action). As documented by the NAD AJ and affirmed by the NAD Acting Deputy Director, Bunce would still have had a negative cash flow balance – and therefore lacked a feasible plan – even if his estimates had been used. Given that a feasible plan is required for loan approval, the outcome would have been the same even if the FSA had followed procedural regulations.[2] *See* 7 C.F.R. § 764.401(a)(1).

Bunce's bias allegations similarly fail. His claims of bias, which are based on the FSA's allegedly incorrect calculations and revised plan, were considered

---

[2] Bunce also suggests that the FSA made errors in its calculations, rendering its decision arbitrary and capricious. This, too, is incorrect. The AJ considered and rejected the same arguments, concluding that the FSA did not err in its projection of the farm's operating expenses. The NAD Acting Deputy Director likewise concluded that Bunce failed to point to any material errors that would justify reversal. On appeal, Bunce does not provide any new evidence to show that this final agency decision was arbitrary, capricious, or an abuse of discretion.

and rejected by the NAD based largely on the AJ's credibility determinations. The district court deferred to the credibility determinations underlying the NAD's decision, and Bunce offers no evidence that these credibility determinations were unreasonable.[3]

Finally, the NAD's final decision upholding the FSA's findings was not arbitrary, capricious, or an abuse of discretion. At each stage of review, the NAD set out a thorough explanation that was grounded in the record and based on evidence submitted before and after a hearing. Under the deferential standard of review applicable here, Bunce cannot show that the NAD failed to examine relevant data or rationally connect the facts found to the choice the agency made. *Karpova*, 497 F.3d at 268.

---

[3] Bunce also argues that the NAD had no authority to review his allegations of bias because the agency lacks jurisdiction over claims of discrimination. But Bunce never claimed discrimination (that is, disparate treatment based on membership in a protected class); he asserted only allegations of general bias and unfairness based on the agency's use of allegedly inaccurate financial projections. To the extent Bunce attempts to raise a discrimination claim now, he offers no evidence to support such a claim, and in any case cannot raise new claims for the first time on appeal. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks and alterations omitted)).

We have considered all of Bunce's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court